UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

TERRI QUALLS,

    Plaintiff,

v.

PRARIE STATE MINE,

    Defendant.                                  No. 16-cv-224-DRH-DGW

## ORDER

HERNDON, District Judge:

### INTRODUCTION

This matter is before the Court on defendant, Prairie State Generating Company, LLC's ("PSGC")[1] motion to dismiss pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6) or alternatively for a more definite statement pursuant to Rule 12(e) (Doc. 6). The plaintiff, proceeding *pro se*, has attempted to file a response (Doc. 33). The plaintiff's *pro se* status is a result of her prior attorney, William J. Meacham's ("Meacham") repeated misconduct, including failure to appear at hearings and ignoring this Court's cautionary instructions and orders. Meacham's egregious and unprofessional behavior has placed his former client, and this Court, in a precarious position. Despite receiving various extensions, the plaintiff

---

[1] PSGC states that it has been misnamed in the complaint (Doc. 6 p. 1 n.1).

has been unable to locate new counsel and is now proceeding *pro se.* Unfortunately, the plaintiff's response to the motion to dismiss is lacking in substance. Although the Court is sympathetic to the plaintiff's position, this case cannot continue on its current trajectory into perpetuity. Accordingly, the Court will not grant any further extensions and proceeds to rule on the subject motion.

## BACKGROUND

This action was removed on March 2, 2016 (Doc. 1). At the time of removal, Meacham was the plaintiff's attorney of record. Six days after removal, on March 8, 2016, PSGC filed the subject motion to dismiss (Doc. 6). Accordingly, the motion to dismiss has been pending for a little over seven months.

The matter was set for a scheduling conference to occur on April 28, 2016 (Doc. 9). Meacham failed to appear (Doc. 11). Additionally, the Court learned that Meacham's membership in the Court's bar was inactive, Meacham had not entered an appearance in this matter, and Meacham had not otherwise taken any corrective action with regard to his inactive bar membership (Doc. 11).

In light of the above, Magistrate Judge Donald G. Wilkerson ordered Meacham to show cause, in person, on May 6, 2016 ("May 2016 Show Cause Hearing"), why sanctions should not issue for failing to appear at the scheduling conference and for failing to take action to update his membership in the Court's bar (Doc. 11).

Mr. Meacham failed to appear at the May 2016 Show Cause Hearing and failed to take any corrective action regarding his bar membership (Doc. 13).

Judge Wilkerson was informed that the Clerk of the Court attempted to contact Mr. Meacham; however, his telephone had been disconnected (Doc. 13). PSGC's counsel further informed the Court that Mr. Meacham had spoken to him on at least two occasions and that he was aware of the May 2016 Show Cause Hearing (Doc. 13). Three days after his failure to appear, on May 9, 2016, Meacham placed a phone call to the Clerk of the Court seeking guidance (Doc. 13). However, as of May 9, 2016, Meacham still had not rectified the defects in his representation of the plaintiff (Doc. 13).

In light of the above, on May 9, 2016, Judge Wilkerson issued an order striking Meacham as an attorney of record in this matter (Doc. 13). A copy of the order was mailed to Meacham and the plaintiff at their last known addresses. Further, Judge Wilkerson set the matter for an in person hearing on May 20, 2016 (Doc. 13). The plaintiff was ordered to appear in person at the hearing and was warned that failure to appear could result in dismissal of this action, with prejudice, for failure to prosecute (Doc. 13). Additionally, plaintiff was directed to be prepared to discuss whether she would be retaining new counsel or whether she would be proceeding *pro se* (Doc. 13).

On May 20, 2016, the plaintiff appeared in person along with PSGC's counsel (Doc. 17, 24). Meacham, contacted the Clerk of Court prior to the hearing and indicated that he was on his way, but that he would be late because he was lost (Mr. Meacham was arriving from Edwardsville, Illinois, a location less than 30 miles distant from the Courthouse in East St. Louis, Illinois) (Doc. 24). The

Court informed the parties at the hearing of Meacham's phone call and suspended the proceedings until Meacham's arrival (Doc. 24). Meacham arrived at the hearing, late, and the hearing restarted (Doc. 24). The plaintiff indicated she wanted Meacham to represent her (Doc. 17, 24). Judge Wilkerson told Mr. Meacham that he must enter an appearance, by close of business on May 20, 2016, in order to represent Plaintiff in these proceedings (Doc. 17, 24). The Court also informed Mr. Meacham that a pending Motion to Dismiss had not been responded to and that he should seek an extension of time to file an untimely response (Doc. 24).

Meacham did not comply with the Court's directive (Doc. 24). Instead, without entering an appearance as directed, Meacham filed what purported to be a response to the motion to dismiss (Doc. 16). On June 3, 2016, Judge Wilkerson struck the response, finding it wholly deficient (Doc. 24). Further, in light of Meacham's continued failure to comply with court orders and to follow simple directions, Judge Wilkerson informed the plaintiff that she must proceed *pro se* (Doc. 24). Plaintiff was directed to file a response to the motion to dismiss by July 5, 2016 and was warned that failure to timely respond could result in dismissal of this matter (Doc. 24).

On July 5, 2016, a document, that appeared to be an amended complaint, was filed electronically using Meacham's CM/ECF login and password (Doc. 26). The document failed to comply with numerous federal rules of civil procedure and with this Court's local rules (Doc. 27). Although filed using Meacham's

CM/ECF login and password, the document was unsigned and stated as follows: "Respectfully Submitted Terri Qualls Pro Se." Observing that Meacham was either (1) continuing to represent Plaintiff in this matter, in contravention of this Court's May 9, 2016 and June 3, 2016 Orders (Docs. 13 and 24) or (2) permitting Ms. Qualls to file papers using his CM/ECF login and password in contravention of the Electronic Case Filing Rules, Judge Wilkerson issued another show cause order (Doc. 27). The show cause order directed Meacham to appear in person on July 20, 2016 and show cause why he should not be held in contempt of court ("July 2016 Show Cause Hearing")(Doc. 27). Mr. Meacham was directed to be prompt. Further, the plaintiff was directed to mail to the Clerk of the Court, and to serve upon PSGC, any papers she wished to file in this matter (Doc. 27).

Meacham failed to appear at the July 2016 Show Cause Hearing. Accordingly, Judge Wilkerson issued an order clearly setting forth the plaintiff's *pro se* status and barring Meacham from any further participation in this matter (Doc. 29).

On August 1, 2016, the plaintiff, proceeding *pro se* filed a motion for extension of time to find a new attorney (Doc. 30). Over the objections of PSGC, the Court granted an extension. The Court allowed the plaintiff until September 6, 2016 to locate new counsel (Doc. 32). Further, the Court allowed the plaintiff an extension, until September 16, 2016, to file a response to the pending motion to dismiss (Doc. 32). The Court reminded the plaintiff that this matter would proceed whether or not she was represented by counsel (Doc. 32).

On September 13, 2016, the plaintiff filed a pleading with the Court (Doc. 33). The pleading indicated that the plaintiff would be proceeding *pro se* but asked the Court to allow the Reverend Kathy Watson "stand with" the plaintiff in Court. The plaintiff also stated that she was confident she had evidence to support all of her claims. The pleading does not otherwise address matters raised in PSGC's motion to dismiss.

## DISCUSSION

### Meacham's Behavior

Meacham's behavior in this matter displays an unacceptable disrespect for the judicial process and for his former client. It goes without saying that the Court is angered and disappointed by Meacham's unprofessional conduct. The plaintiff is not responsible for her attorney's egregious behavior. Accordingly, the Court has given the plaintiff every opportunity to locate new counsel and has afforded the plaintiff numerous extensions in addressing the pending motion to dismiss. However, as noted above, the Court cannot allow this case to continue on its current trajectory into perpetuity. Therefore, the Court will proceed with addressing the PSGC's motion to dismiss.

In light of the misconduct described herein, the Court **DIRECTS** the Clerk of Court to mail a copy of this order to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois, One North Old Capital Plaza, Springfield, Illinois 62701, for such further action, if any, as the Commission may deem appropriate.

**Motion to Dismiss**

PSGC contends the complaint fails to comply with basic pleading requirements, including Rule 8(a)'s requirements to allege proper jurisdiction and sufficient factual matter to demonstrate a plausible claim. Additionally, PSGC notes numerous confusing grammatical, syntactical and formatting errors, including the following:

- Two "comment" bubbles contained within "Count Four [sic]" (the third proffered claim);
- Two separate paragraphs numbered "8" in Count One (the second of which contains disjointed fragments)
- Misspelling of both parties' names
- A re-introduction and re-setting of the paragraphs' numbering in "Count Four,"
- Impossible allegations (including claims that the plaintiff worked, and was injured, in July of 2016 – several months in the future as of the filing of the complaint.

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). Threadbare recitals of the elements of a cause of action do not suffice; legal conclusions must be supported by factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint

should be dismissed for failing to comply with Rule 8 when, stripped of its unsupported legal conclusions, the complaint fails to state a short and plain claim to relief that is plausible on its face. *Id.; see also Fidelity Nat. Title Ins. Co. of N.Y. v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005).

The Court agrees with PSGC. In this case, the complaint is a confusing mishmash of disjointed allegations and unsupported legal conclusions. This makes dismissing the complaint appropriate under Rule 8 on the grounds that it fails to state a short and plain claim to relief that is plausible on its face and that it is overly confusing.

Thus, the motion to dismiss is **GRANTED.** The complaint is hereby dismissed with leave to amend. The plaintiff is allowed until **November 17, 2016** to file an amended complaint. Plaintiff is specifically warned that - consistent with Rule 8 - the amended complaint should be a short, plain statement of the nature of the claims with simple and concise allegations of what wrong has been brought upon her and by whom. Further, the plaintiff is warned that if her amended complaint fails to comply with Rule 8, the dismissal the second time around can be with prejudice. *See Standard v. Nygren,* 658 F.3d 792 (7th Cir. 2011).

## CONCLUSION

For the reasons discussed herein, the motion to dismiss is **GRANTED**. The complaint is hereby dismissed with leave to amend. The plaintiff is allowed until November 17, 2016 to file an amended complaint.

**FURTHER**, the Court **DIRECTS** the Clerk of Court to mail a copy of this order to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois, One North Old Capital Plaza, Springfield, Illinois 62701, for such further action, if any, as the Commission may deem appropriate.

**IT IS SO ORDERED.**

Signed this 18th day of October, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.10.18
14:56:37 -05'00'

**United States District Judge**